CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
February 05, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|   |   |   |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:22CR00022-001 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JOSHUA LEE KOGOD,** | ) | JUDGE JAMES P. JONES |
| Defendant. | ) | |

*Joshua Lee Kogod, Pro Se; Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States.*

Defendant Joshua Lee Kogod has filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, Kogod's motion will be denied.

I.

On August 2, 2022, Kogod pleaded guilty to conspiracy to possess with the intent to distribute and distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B) (Count One), possession with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846(a)(1) and 21 U.S.C. § 841(b)(1)(B) (Count Two), and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 924(c)(1)(A)(i) (Count Six). On November 8, 2022, he was sentenced to 96 months

of imprisonment, consisting of 36 months on each of Counts One and Two, to run concurrently, and 60 months on Count Six, to run consecutively with the concurrent sentences. His projected release date is April 2, 2029.

Kogod contends that his Post-Traumatic Stress Disorder (PTSD), family hardship, disparities in sentencing, and his rehabilitation warrant his release. I find that these reasons do not rise to the level of extraordinary and compelling required to warrant compassionate release.

II.

A sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has adopted such policy statements. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 (U.S. Sent'g Comm'n 2023). Even if the court finds an extraordinary and compelling reason for reduction, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, No. 3:04-cr-00047, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024).

III.

The reasons Kogod provides for a reduction in his sentence do not satisfy the requirements of 18 U.S.C. § 3582(c)(1)(A).

First, Kogod points out that he suffers from PTSD. As shown on his behalf at his sentencing hearing, he experienced psychological trauma from his intense combat military service in Iraq. Recognizing this military service, I departed substantially downward from the guideline range of 108 to 135 months of imprisonment for Counts One and Two to concurrent sentences of 36 months.

Kogod contends that the Bureau of Prisons (BOP) has not provided the treatment he requires for his PTSD. Kogod may very well struggle with mental health challenges from his deployment, but he has not offered evidence that the BOP has failed to meet his medical needs. Instead, he makes the broad claim that the prison system is categorically unable to treat PTSD. While compassionate release may be warranted when an inmate demonstrates that they have not received adequate care in prison, Kogod's contentions lack the specificity necessary to make that showing. He does not allege that prison medical staff have refused him treatment or that he has been unable to schedule an appointment. In light of the psychological services available at the BOP, I do not find that a PTSD diagnosis is inherently untreatable during incarceration. In addition, the government has provided medical forms indicating that Kogod denied having mental health concerns during a recent

medical appointment. This further refutes Kogod's allegations that his care at the BOP has been insufficient. Therefore, Kogod's PTSD diagnosis is not an extraordinary and compelling reason for release.

Second, Kogod argues that his release is warranted because his incarceration imposes significant hardship on his family. While I do not doubt that Kogod's incarceration has posed challenges for his family, general family hardship is not a sufficient reason for a reduced sentence. Unfortunately, as the government notes, the incarceration of a loved one causes loss and stress for most families. Without more, the inevitable hardship that separation from family imposes does not merit release.

Third, Kogod claims that changes in law and policy since his sentencing mean that he would not receive a mandatory 60-month consecutive sentence under 18 U.S.C. § 924(c) if sentenced today. Kogod is mistaken about the relevant law. There has been no law or policy change since Kogod's 2022 sentencing that would make a 60-month consecutive sentence for his § 924(c) conviction inappropriate. Therefore, Kogod has not demonstrated a sentencing disparity that would justify his release.

Finally, Kogod argues that he has rehabilitated himself while incarcerated. He notes that he has completed educational and vocational programs and is committed to personal reform. Although I commend these efforts, rehabilitation alone is not

grounds for release, which Kogod acknowledges. Even still, Kogod's disciplinary record shows several recent infractions, including two instances of possessing a cell phone in violation of prison policy. In sum, Kogod's progress toward rehabilitation does not merit a sentence reduction.

IV.

Accordingly, it is **ORDERED** that Kogod's motion, ECF No. 56, is DENIED.

ENTER: February 5, 2026

/s/  JAMES P. JONES
Senior United States District Judge